10-3340-cr
United States v. Al Jaber

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of August,  two thousand eleven.

Present:      ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
              DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                          *Appellee*,

              -v-                                    10-3340-cr

ALAA M. AL JABER, aka ALI, aka ALEX,

                                          *Defendant-Appellant*,

FRANCISCO RODRIGUEZ-LLORCA, aka FRANK, aka CUBA, aka PAPALOTE, aka FRANCO, ANDRES BOLANOS, aka PAPALOTE, aka ENANO, aka PEPIN, aka COLOMBIA, EXGARDO TORRES, aka CHOCOLATINA, aka CHOCO, ARGEMIRO VIRGEN, aka DOCTOR, SIXTO POLANCO, aka ADALBERTO ENCARNACION, aka, LUIS CARRASQUILLO, aka MANUEL, EDUARDO MARTINEZ-RUIZ, aka PUCHI, aka CUBA, aka PUCHY, LUIS RAMOS, aka NEO, CARLOS ESTUPINAN, aka DOCTOR, aka FRANCISCO COLON, ALFREDO ALDEA, aka CACIQUE, ARCADIO SANTIAGO, aka QUIRO, KEVIN SOTO, ANDRES PATINO, aka DOCTOR, aka PROFESSOR, aka JUAN FELIPE, NORBELLY RODRIGUEZ, aka NORBELLY DIAZ, aka NORBEY, MANUEL DIAZ, aka JUAN, aka DIABLO, JUAN SILVA-CARDOZA, FNU LNU, aka CESAR,

                                          *Defendants*.

_____

Appearing for Appellant:     Jonathan J. Einhorn, New Haven, CT.

Appearing for Appellee:      Michael E. Runowicz (Robert M. Spector, *of counsel*), Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Alaa M. Al Jaber ("Al Jaber") was convicted on June 30, 2008, after a jury trial, of one count of conspiring with fifteen other defendants to possess with intent to distribute more than one hundred grams, but less than one kilogram, of heroin pursuant to 21 U.S.C. § 846. On August 11, 2010, Judge Thompson of the United States District Court for the District of Connecticut sentenced Al Jaber to 120 months' imprisonment and 15 years of supervised release. Al Jaber timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Al Jaber raises three arguments: that the district court abused its discretion in (1) denying Al Jaber's proffer of a statement made by co-defendant Sixto Polanco ("Polanco") during the latter's plea petition to plead guilty; (2) not granting Al Jaber's motion for a bill of particulars; and (3) in not striking certain testimony of Francesco Rodriguez-Llorca ("Rodriguez-Llorca") or in the alternative, not granting a mistrial. Al Jaber's arguments are without merit.

We review all three claims for abuse of discretion. *United States v. Stewart*, 590 F.3d 93, 133 (2d Cir. 2009); *United States v. Kelley*, 551 F.3d 171, 174-75 (2d Cir. 2009) (per curiam). "We will second-guess a district court 'only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally.'" *United States v. Salameh*, 152 F.3d 88, 110 (2d Cir. 1998) (quoting *United States v. Valdez*, 16 F.3d 1324, 1332 (2d Cir. 1994)).

Beginning with Al Jaber's first contention, the district court denied Al Jaber's request to introduce Polanco's plea statement pursuant to Federal Rule of Evidence 403, finding that "[i]n the absence of any proffer that a foundation can be laid to connect Polanco's statement to the activity engaged in by government witness Rodriguez[-Llorca], admission of Polanco's petition has no probative value and would be seriously misleading to the jury." "When we are confronted with a Rule 403 issue, 'so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational.'" *United States v. Al-Moayad*, 545 F.3d 139, 159-60 (2d Cir. 2008) (quoting *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006)); *see also* Fed. R. Evid. 403 (providing that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"). Following this directive, we cannot conclude that the district court abused its discretion in deciding to exclude Polanco's plea petition pursuant to Rule 403. In particular, we find no abuse of discretion in the district court's finding that Al Jaber failed to lay any foundation connecting Polanco's statement to the heroin transaction at issue between Rodriguez-Llorca and Al Jaber.

2

Furthermore, while the statement was offered under Federal Rule of Evidence 804, which allows for limited hearsay exceptions where the declarant is unavailable to testify as a witness, there is no indication that Polanco was "unavailable." Fed. R. Evid. 804. We note, in this respect, that it is insufficient for Al Jaber's counsel to "assume" that a witness would invoke his Fifth Amendment privilege if called, and it is Polanco himself who must assert it. *See United States v. Bowe*, 698 F.2d 560, 565, 566 (2d Cir. 1983) ("the witness herself must assert the claim that answers to questions might reasonably implicate her in a crime" and "a witness' mere unwillingness to testify is inadequate to sustain a fifth amendment claim"). There is no evidence here that Polanco ever asserted his privilege.

Al Jaber's second argument is likewise unavailing. We review the district court's denial of a bill of particulars for abuse of discretion. *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999). "'So long as the defendant was adequately informed of the charges against him and was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, the trial court has not abused its discretion.'" *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quoting *United States v. Maull*, 806 F.2d 1340, 1345-46 (8th Cir. 1986)), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010). Even where the denial of the bill of particulars was in error, a defendant must demonstrate that he was prejudiced; otherwise, such denial amounts to harmless error. *See United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998); *accord Walsh*, 194 F.3d at 45 ("[W]e have repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity." (citation omitted)).

The district court denied Al Jaber's motion for a bill of particulars, explaining that the function of a bill of particulars is not the "[a]cquisition of evidentiary detail," and that in the case before it that "the government represents, and it is not disputed, that it has turned over a significant amount of discovery to the defendant in compliance with its obligations under Rule 16 and the local standing order." The indictment at issue charged defendant on two counts, only one of which went to trial. That count charged that from about July 2006, until and including May 23, 2007, Al Jaber, along with fifteen others including Rodriguez-Llorca, knowingly and intentionally combined, conspired, and agreed with each other to possess with intent to distribute and to distribute more than one kilogram of heroin. As such, we agree with the district court that the indictment was sufficient because it "included the nature of the charges and provided a time frame and location in which the crimes were alleged to have taken place." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004).

Moreover, even assuming that the indictment was not specific enough and that a bill of particulars should have been granted, to constitute reversible, as opposed to harmless, error Al Jaber must allege prejudice. *See Barnes*, 158 F.3d at 666 (refusing to overturn the denial of a bill of particulars where "defendant has simply not been able to articulate any specific prejudice" and "when asked repeatedly at oral argument what prejudice defendant had suffered, defendant's counsel could argue only that the specifics of [a witness's] testimony 'came as a surprise and I think that in itself can establish prejudice'"). We note in this respect that, as the district court found, it was undisputed that the government had disclosed "a significant amount of discovery" material, which further specified the charges against Al Jaber. *See Chen*, 378 F.3d at 163 (declining to find that the denial of a motion for a bill of particulars was an abuse of discretion, noting that "extensive discovery furnished defendants with significant insight into the

3

government's case"). Given that Al Jaber has not articulated any prejudice, we cannot find that the district court abused its discretion in denying his request for a bill of particulars.

Third, Al Jaber argues that the district court erred in declining to strike portions of government witness Rodriguez-Llorca's testimony. We review such rulings for abuse of discretion, *see United States v. Bah*, 574 F.3d 106, 116 (2d Cir. 2009), which we disturb only if they are arbitrary or irrational, *see Awadallah*, 436 F.3d at 131. Al Jaber claims that portions of Rodriguez-Llorca's testimony, in relation to a trip to Maine, came as a "surprise[]" because Al Jaber had not been provided with evidence of said trip. On appeal, Al Jaber asserts that "[t]his trip had not been the subject of any of the witness' many proffer sessions with the government and was surprise evidence," and thus argues that the district court erred in not striking this "surprise" testimony.

We reject Al Jaber's claim, which mis-characterizes the record. The record shows that the proffer offered by the government to Al Jaber specifically identified the testimony in question, albeit without being a "verbatim" recitation, which defense counsel conceded was not necessary. Al Jaber has therefore provided us with no basis to overturn the district court's decision to not strike Rodriguez-Llorca's testimony.

We have considered all of Al Jaber's arguments on appeal, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4